UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                          Case No. 17-CR-98

MARK D. SILVERSTEIN,

Defendant.

## PLEA AGREEMENT

1.      The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Matthew L. Jacobs, Assistant United States Attorney, and the defendant, Mark D. Silverstein, individually and by attorney Gabriela A. Leija, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGE

2.      The defendant has been charged in a one-count indictment, which alleges a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). The defendant has also been charged in a one-count information with a similar violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

3.      The defendant has read and fully understands the charges contained in the indictment and information. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to waive in open court prosecution by indictment and plead guilty to the charge in the information, which is set forth in full as follows:

**THE UNITED STATES ATTORNEY CHARGES THAT:**

1. On or about March 20, 2017, at Milwaukee, in the state and Eastern District of Wisconsin,

**MARK D. SILVERSTEIN**,

knowing he had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm that had been transported in interstate and foreign commerce, the possession of which was therefore in and affecting commerce.

2. The firearm was a Herbert Schmidt, model Omega HS300, .22 caliber revolver bearing serial number 112800.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described above in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

*At all times relevant to this case and, in particular, on March 20, 2017, the defendant, Mark D. Silverstein ("Silverstein") resided at XXXX South 22nd Street, Milwaukee, Wisconsin, and was a felon having previously been convicted of multiple offenses that were punishable by imprisonment for a term exceeding one year. More particularly, Silverstein has been convicted of the following felony offenses: burglary of a building or dwelling in 2007; aggravated battery with intent to cause bodily harm in 2010; felon in possession of a firearm in 2012; and domestic violence, strangulation and suffocation in 2013*

*On March 20, 2017, the Milwaukee Police Department ("MPD") received a complaint from a woman ("LP"), who lived near Silverstein's residence. LP told the police that she had heard that the man living at XXXX South 22nd Street was a sex offender and had warned children in the neighborhood to avoid the man. LP did not know the man's name.*

2

According to LP, earlier on March 20, 2017, the man in question walked into her yard and confronted her about her allegation. LP stated that the man pulled a gun and pointed it at her before the man's girlfriend pulled him away. LP described the gun as a small black revolver.

The MPD officers investigating the situation next went to the house LP identified as the man's residence where they found Silverstein. Silverstein admitted that he had argued with LP but denied that he had a gun during the argument or had pointed it at LP. Silverstein said he could not have a gun because he was a felon. Silverstein did admit telling LP that she should be shot.

Silverstein consented to a search of his residence for the gun. No gun was found in his residence, the lower flat of a duplex. However, the officers did find one spent .22 caliber casing under the sink in the kitchen.

Based on LP's statement, the discovery of the shell casing, and Silverstein's status as a felon, the police arrested Silverstein. Once in custody, Silverstein told the police that he was willing to surrender the firearm the police were looking for.

At the same time, Silverstein's girlfriend told officers that the firearm they were searching for was being held by an upstairs neighbor. The police contacted the upstairs neighbor, who ultimately turned over the firearm indicating that Silverstein had earlier asked the neighbor to hold onto it. The gun in question was identified as a Herbert Schmidt, model Omega HS300, .22 caliber revolver bearing serial number 112800. Eight rounds were loaded in it. The handgun generally matches the description of the gun provided by LP.

Silverstein was taken to the MPD District 2 police station and interviewed. After being advised of his rights, Silverstein admitted that he was a felon and knew he could not legally possess a gun. He admitted that he had gotten into an argument with LP, who stated he was a sex offender, and that his girlfriend had pulled him away from the argument. Silverstein denied pulling a gun on the neighbor.

Silverstein stated that he was employed cleaning out abandoned houses for a real estate company and had found the gun in one of the houses he was cleaning. He said he later found the bullets, which he used to load the gun, in a different abandoned house. Silverstein stated that the spent casing found under the kitchen sink in his house was from a test firing he had done of that gun in his basement. He stated that the gun was usually kept on the kitchen table for home defense. Silverstein also acknowledged he had given the gun to his upstairs neighbor earlier in the day before the police arrived.

The firearm in question, a Herbert Schmidt, model Omega HS300, .22 caliber revolver bearing serial number 112800, was manufactured in Germany and, therefore, traveled in foreign and interstate commerce before it was recovered in Milwaukee, Wisconsin, on March 20, 2017.

3

This information is provided for the purpose of setting forth a factual basis for the defendant's plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries a maximum term of imprisonment of ten years and a maximum fine of $250,000. This count also carries a mandatory special assessment of $100 and up to three years of supervised release

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney, including any possibility that the defendant may qualify as an Armed Career Criminal under 18 U.S.C. § 924(e).

## ELEMENTS

8. The parties understand and agree that in order to sustain the charge of violating 18 U.S.C. §922(g), as charged in the information, the government must prove each of the following propositions beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm;

Second, at the time of the charged act, the defendant knew he was a person who had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year (a felony); and

Third, the firearm had been shipped or transported in interstate or foreign commerce.

## SENTENCING PROVISIONS

9. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

4

10.     The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11.     The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw his guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

### Sentencing Guidelines Calculations

12.     The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

### Relevant Conduct

13.     The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

5

## Base Offense Level

14.     The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged is 24 under Sentencing Guidelines Manual § 2K2.1(a)(2).

## Acceptance of Responsibility

15.     The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

16.     Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

17.     Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

18.     The government agrees to recommend a sentence within the applicable sentencing guideline range, as determined by the court.

6

## Court's Determinations at Sentencing

19.      The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

20.      The parties acknowledge, understand, and agree that the defendant may not move to withdraw his guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

21.      The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction.   The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.  If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

22.      The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, upon request of the FLU during any period of probation or

7

supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form.

**Special Assessment**

23.     The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

**Forfeiture**

24.     The defendant agrees that the property listed in the information was involved in the offense to which he is pleading guilty. The defendant agrees to the forfeiture of this property and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in the listed property.

**DEFENDANT'S WAIVER OF RIGHTS**

25.     In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

a.     If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

b.     If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

8

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

26. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

27. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

28. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

9

### Further Civil or Administrative Action

29.     The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

### GENERAL MATTERS

30.     The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

31.     The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

32.     The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

33.     The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

10

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

34.     The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

35.     The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

11

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.


Date: 8-9-19

MARK D. SILVERSTEIN
Defendant


I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.


Date: 8/9/19

GABRIELA A. LEIJA
Attorney for Defendant


For the United States of America:


Date: 8/12/19

MATTHEW D. KRUEGER
United States Attorney


Date: 8/12/2019

MATTHEW L. JACOBS
Assistant United States Attorney


13